IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| ANGELIA PRIM, | : | |
|---|---|---|
| Plaintiff, | : | |
| vs. | : | CA 16-0118-KD-C |
| MEGAN J. BRENNAN, Postmaster General of the United States Postal Service, et al., | : : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on plaintiff's complaint (Doc. 1) and the motion to dismiss filed by the only defendant served in this matter, Megan J. Brennan, Postmaster General of the United States (Doc. 11). The plaintiff did not file a response in opposition, though extended the opportunity to do just that. (*Compare* Doc. 12 ("The motion to dismiss will be taken under submission by the undersigned on **August 30, 2016**. Plaintiff is **ORDERED** to file any response in opposition not later than **August 19, 2016.**") *with* Docket Sheet (no response in opposition filed by plaintiff).) Upon consideration of the foregoing pleadings, the Magistrate Judge is constrained to recommend that the Court **DENY** the Postmaster General's motion to dismiss (Doc. 11).

## FINDINGS OF FACT

On March 17, 2016, Angelia Prim signed a form complaint, which she filed in this Court on March 18, 2016, alleging wrongful termination; failure to make reasonable accommodations; sex discrimination pursuant to Title VII of the Civil Rights Act of

1964, specifically 42 U.S.C. § 2000e-5; discrimination based on a physical disability (narcolepsy) pursuant to the Americans with Disability Act, specifically 42 U.S.C. § 12117; and age discrimination pursuant to the Age Discrimination in Employment Act of 1967, specifically 29 U.S.C. § 626. (Doc. 1, at 1-4.) Prim attached to her complaint a final decision by the United States Equal Employment Opportunity Commission's Office of Federal Operations in Washington, D.C., which concurred with the final decision of the Merit Systems Protection Board ("MSPB") finding no discrimination. (*See* Doc. 1, Attached DECISION, at 1-2.)

> Petitioner worked as a Mail-handler at the Agency's U.S. Postal Service facility (Mobile P&DC) in Mobile, Alabama. Petitioner alleged that the Agency discriminated against her on the bases of sex (female) and disability when by letter dated September 9, 2013, the Agency's deciding official and the Plant Manager for the Mobile P&DC sustained her proposed removal for failure to maintain a regular work schedule.
>
> A hearing was held and thereafter an MSPB Administrative Judge (AJ) issued an initial decision affirming Petitioner's removal. The AJ found that the Agency proved its charge of failure to maintain a regular work schedule, and found that the Agency's decision to remove Petitioner was reasonable under the circumstances. Additionally, the AJ found that Petitioner was unable to sustain her affirmative defenses. The initial decision held that the Agency did not breach its obligation to provide a reasonable accommodation because there is no evidence Petitioner engaged in the interactive process, nor was she able to show that her alleged medical conditions caused her to have unscheduled absences on the dates indicated in the notice of proposed removal. With respect to Petitioner's allegations of gender discrimination, the AJ found that she was unable to establish that she was treated more harshly than similarly situated employees who were outside her protected category. Additionally, the Agency presented legitimate non-discriminatory reasons for the removal. Petitioner appealed to the MSPB Board for a review of the initial decision. The Board denied the petition and affirmed the initial decision. Petitioner then filed the instant petition.
>
> . . .
>
> EEOC Regulations provide that the Commission has jurisdiction over *mixed case appeals* on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 et seq. The Commission must determine whether the decision of the MSPB with respect to the allegation of discrimination constitutes a correct

> interpretation of any applicable law, rule, regulation or policy directive, and is supported by the evidence in the record as a whole. 29 C.F.R. § 1614.305(c).
>
> The Commission finds that the MSPB's decision in the instant matter constitutes a correct interpretation of the laws, rules, regulations, and policies governing this matter and is supported by the evidence in the record as a whole. Upon review of the record, the Commission finds that even assuming arguendo that Petitioner established a prima facie case of discrimination based on disability and gender, the Agency provided legitimate, non-discriminatory reasons for her removal. Petitioner presented no persuasive evidence of discriminatory animus surrounding the removal. The record evidence clearly establishes that Petitioner had been disciplined four times previously for the same offense, and two of the disciplinary letters advised Petitioner that additional offenses could lead to additional discipline, including removal. Petitioner did not dispute the six instances of unscheduled absences indicated in the notice of proposed removal prior to the hearing. Like the MSPB, the Commission finds that Petitioner failed to establish that the decision to remove her was based on any purported disability.
>
> . . .
>
> Based upon a thorough review of the record, it is the decision of the Commission to CONCUR with the final decision of the MSPB finding no discrimination. The Commission finds that the MSPB's decision constitutes a correct interpretation of the laws, rules, regulations, and policies governing this matter and is supported by the evidence in the record as a whole.

(*Id.* (emphasis supplied).)

The foregoing decision of the Commission, dated February 9, 2016 (*id.* at 3), advised Prim that she had "no further right of administrative appeal[,]" but she did have the "right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision." (*Id.* at 2-3 (emphasis in original).) The certificate of mailing attached to the Commission's final decision and also dated February 9, 2016 reads, in relevant part, as follows: "**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.**" (*Id.* at 4.)

3

In accordance with the foregoing, if Prim is presumed to have received the final decision of the Commission five calendar days after it was mailed on February 9, 2016, that is, on February 14, 2016, thirty days therefrom (that is, from February 14, 2016) would fall on March 15, 2016. Since plaintiff did not file her action in this Court until March 18, 2016 (Doc. 1, at 1), instead of answering the complaint, the defendant Postmaster General, Meghan J. Brennan, filed a motion to dismiss, pursuant to both Rule 12(d)(1) and Rule 12(b)(6), arguing therein that Prim's claims are time-barred and, therefore, due to be dismissed. (*See* Doc. 11, at 1-7.) However, the undersigned need note that Prim specifically alleges in her complaint that she received the Commission's final decision on February 20, 2016. (*See* Doc. 1, at 3.)[1]

## CONCLUSIONS OF LAW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). Since a Rule 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v.*

---

[1] Based upon a receipt date of February 20, 2016, plaintiff's complaint in this case, filed on March 18, 2016, necessarily would be considered timely filed.

*Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster General and Chief Executive Officer of the U.S. Postal Service,* 493 Fed.Appx. 994, 995 (11th Cir. Oct. 30, 2012), citing, among other cases, *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (indicating that, under Rule 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). Finally, "'[w]hen considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006), quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-1216 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for Rule 12(b)(6) purposes.").[2]

---

[2] The defendant has also filed her motion in accordance with Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 11, at 1) A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

> can be based upon either a facial or factual challenge to the complaint. If the challenge is facial, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." [*Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)]. Accordingly, the "court must consider the allegations in the plaintiff's complaint as true." *Id.*
>
> A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter

(Continued)

> jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.* Furthermore, in *Williamson*, the former Fifth Circuit held that "[t]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.

*McElmurray v. Consolidated Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007); *see also Andersen v. Omni Ins. Co.*, 2014 WL 838811, *1 (N.D. Ala. Mar. 4, 2014) ("Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. 'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true. But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (internal emphasis, citations, brackets, and most quotation marks omitted)).

Initially, the undersigned is a bit circumspect about performing any 12(b)(1) analysis in this case since it appears that in this Circuit "timely filing is not a prerequisite to federal jurisdiction[.]" *Lee v. U.S. Postal Service*, 774 F.2d 1067, 1068 (11th Cir. 1985); *see also id.* ("Assuming, without deciding, that timely filing is not a prerequisite to federal jurisdiction and that equitable tolling principles may be applied to the filing of a complaint for judicial review of an MSPB decision, we find that in the district court Lee did not proffer any facts which might be grounds for equitable tolling." (footnotes omitted)). Moreover, the performance of such analysis is complicated by the defendant's failure to explicitly assert whether her attack on subject matter jurisdiction in this case is a facial or factual attack. (*See* Doc. 11.) Nevertheless, it appears to the undersigned that the defendant is asserting a facial attack because she does not challenge the existence of subject matter jurisdiction, irrespective of the allegations in the complaint, by pointing to matters outside the complaint (or not attached thereto) for this Court to consider in determining whether subject-matter jurisdiction exists in this case. Given that this is a facial attack and the undersigned must take as true the allegations in Prim's complaint, the undersigned cannot find in favor of the defendant in accordance with Rule 12(b)(1) for the simple fact that plaintiff alleges in her complaint that she received the Commission's final decision on February 20, 2016 (*see* Doc. 1, at 3.) Therefore, based on the plaintiff's "receipt" allegation, this Court would have to find, at this juncture in the litigation, that her complaint filed in this Court on March 18, 2016 (*id.* at 1) was timely filed within thirty (30) days of her receipt of the Commissioner's final decision.

It is all too clear that "[w]hen [a federal employee] complains of discrimination prohibited by another federal statute that is related to or stemming from an action that may be appealed to the MSPB, the complaint is classified as a 'mixed case.'" *Smith v. Donahoe*, 2015 WL 5719614, *2 (M.D. Ala. Sept. 29, 2015), citing *Kloeckner v. Solis*, ___ U.S. ___, 133 S.Ct. 596, 601, 184 L.Ed.2d 433 (2012) ("When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination [prohibited by another federal statute], she is said (by pertinent regulation) to have brought a 'mixed case.'"); *see* 29 C.F.R. § 1614.302(a)(1) ("A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)."). Because it is apparent from the Commission's final decision that Prim alleged she was terminated by U.S. Postal Service Agency in Mobile on the basis of her sex and disability, this is a mixed-case employment discrimination case. (*See* Doc. 1, Attached DECISION, at 2 ("EEOC Regulations provide that the Commission has jurisdiction over mixed case appeals on which the MSPB has issued a decision that makes determinations on allegations of discrimination.").)

"Although federal agency decisions concerning mixed case complaints are reviewable by federal district courts, such review may be sought, if at all, within thirty days after receiving notice of the agency's final decision." *Rivera v. Holder*, 2010 WL 5187929, *4 (E.D. Va. Dec. 14, 2010) (citations omitted). In this case, there is no question but that the EEOC issued its final decision in this matter on February 9, 2016 and, that same date, mailed the final decision to Prim. (Doc. 1, Attached DECISION, at 3 & 4.) There is also no question but that Prim filed her complaint in this Court on March 18, 2016 (Doc. 1, at 1), some thirty-eight (38) days after the date of issuance of the

7

Commission's final decision. Based on the language contained in the mailing certificate attached to the Commission's final decision, specifically that "**[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**[,]" (Doc. 1, Attached DECISION, at 4), the defendant effectively argues that Prim's complaint was untimely filed by some three (3) days (*see* Doc. 11, at 3 n.1 (in arguing that the presumptive deadline for filing of the complaint was March 16, 2016, two days before the filing of the complaint in this case, the defendant's calculations fail to take into consideration that there were 29 days in February)). Because the defendant cites to no case law establishing that this "presumption" is not rebuttable, in order for this Court to agree with the defendant and dismiss Prim's complaint for failure to state a claim, on the basis that her claims are time-barred, it would necessarily have to "reject" plaintiff's clear statement in her complaint that she received the Commission's final decision on February 20, 2016 (*see* Doc. 1, at 3). In other words, to side with the defendant at this point in the litigation this Court would be resolving a "disputed" fact (that is, the date she received the Commission's final decision) in the Postmaster General's favor, an action prohibited on a motion to dismiss filed under Rule 12(b)(6). *See Page, supra,* 493 Fed.Appx. at 995 (finding that, under Rule 12(b)(6), a district court may not resolve factual disputes when adjudicating a motion to dismiss).[3]

---

[3] The sole basis for defendant's motion to dismiss is her argument that Prim's claims are time-barred. (*See* Doc. 11.) To the extent the defendant parenthetically notes that she is not waiving any affirmative defense to plaintiff's ADA claim (*see id.* at 3 n.2) or her age discrimination claim (*see id.* at 4 n.4), the undersigned would simply note defendant's reservation of defenses and suggest these are matters that can be discussed at any scheduling conference conducted in this matter.

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that the Court **DENY** the Postmaster General's motion to dismiss (Doc. 11).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 2nd day of September, 2016.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**