IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELIA PRIM, | : |
| Plaintiff, | : |
| vs. | :  CA 16-0118-KD-MU |
| MEGAN J. BRENNAN, Postmaster General of the United States Postal Service, | : : |
| Defendant. | |

## REPORT AND RECOMMENDATION

This action is back before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on Defendant's Rule 41(b) motion to dismiss (Doc. 37), Plaintiff's response (Doc. 39), and the Defendant's reply (Doc. 41). Upon consideration of all relevant pleadings in this case, the undersigned is constrained to recommend that Plaintiff's action be **DISMISSED**, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure, due to her failure to prosecute this action by following this Court's lawful orders.

## BACKGROUND

Angelia Prim filed a *pro se* employment discrimination complaint against numerous defendants in this Court on March 21, 2016 (Doc. 1).[1] After successfully

---

[1] Ms. Prim attached to her complaint a decision by the Equal Employment Opportunity Commission ("EEOC") concurring in the decision of the Merit Systems Protection Board ("MSPB") finding no discrimination (Doc. 1, DECISION).

moving to proceed *in forma pauperis* (*compare* Doc. 6 *with* Doc. 2) and avoiding a dismissal (with prejudice) of this action (*see* Docs. 13 & 14), United States Magistrate Judge William E. Cassady conducted a scheduling conference in this matter on December 6, 2016 (Doc. 25), at which Ms. Prim appeared and participated, and entered a scheduling order on December 9, 2016 (Doc. 27). During the course of the Rule 16(b) scheduling conference on December 6, 2016, Judge Cassady instructed Ms. Prim that she was to cooperate with counsel for the defendant in conducting discovery and, otherwise, in litigating this action (*compare* Doc. 25 *with* Doc. 27, at 1 n.2 ("The *pro se* plaintiff and counsel for the defendant agreed to conduct written discovery over the course of the next forty-five (45) days—that is, through January 23, 2017—while Ms. Prim continues her efforts to obtain representation, with the understanding that should an attorney make an appearance as counsel of record for plaintiff anytime during this period he or she can also seek and modifications to this order necessitated by the appearance of counsel."))[2]

This matter was transferred to the undersigned's docket on March 9, 2017 (*see* Doc. 32) and, on April 12, 2017, the Court entered an Order setting a status conference for April 25, 2017 (Doc. 34) based upon the request of the Defendant, defense counsel sufficiently establishing her inability to communicate with the *pro se* Plaintiff in any manner, whether by email, telephone,[3] or through the mail, and the failure of Plaintiff to

---

[2] In addition, during the course of that conference, Plaintiff agreed that "the Postmaster General is the only person against whom she can assert claims." (Doc. 27, at 1 n.1.) Accordingly, the style of this action now reflects the Postmaster as the sole defendant.

[3] At the time of the status conference, the telephone number plaintiff provided was no longer in service. (*See* Doc. 33, ¶ 2.)

answer the Defendant's propounded written discovery (*compare* Doc. 33, at 1-2 *with* Doc. 34, at 1; *see also id.* ("Counsel for the defendant is attempting to conduct discovery in this action and has not received discovery responses from plaintiff regarding written discovery propounded on January 19, 2017 . . . . Indeed, counsel for the defendant has not received any type of communication from Ms. Prim since December 20, 2016, when plaintiff sent her an email communication.")). Ms. Prim appeared in person for the status conference on April 25, 2017, and though she offered no reason for failing to respond to the Defendant's written discovery requests, she was given another chance to serve her responses on the Defendant through the undersigned's entry of an Amended Rule 16(b) Scheduling Order (Doc. 36). In the amended scheduling order, entered on April 26, 2017, Plaintiff was specifically ordered to make a full response to Defendant's written questions and document requests by May 9, 2017 (*id.* at 1 & 10; *see also id.* at 11 & n.5 (explaining that if Plaintiff was not served with the Defendant's document requests on January 19, 2017, she nonetheless had those requests served by April 26, 2017 and, therefore, was required to serve her responses to Defendant's document requests by no later than May 25, 2017)), and by that same date to "either verify to counsel for the defendant that the two physicians she previously identified in an email communication, dated on or about December 20, 2016, are the only physicians in possession of records relevant to this action or, in the alternative, identify all physicians in possession of relevant information." (*Id.* at 10, n.4.) Finally, the amended scheduling order advised Plaintiff of her right "to serve the Defendant with written discovery and of the need to communicate and cooperate with

3

counsel for the defendant during the course of discovery (and all other pre-trial stages) in this matter." (*Id.* at 11.)

That Ms. Prim did not timely serve her interrogatory responses (at the very least) by May 9, 2017, or confirm that the previously identified physicians were the only physicians with relevant information in this matter, is evident from the May 11, 2017 email string the Defendant attached to her Rule 41(b) motion to dismiss for failure to prosecute. (*See* Doc. 37, Exhibit A.) Indeed, on May 11, 2017, Plaintiff asked defense counsel for several more days—until, apparently, May 17, 2017—to serve "notarized interrogatories[]" (*id.; see also id.* ("The public library here in Atmore shuts down the Internet at 5 and they close at 6 and I am currently without transportation. Wednesday I will be off from work.")); however, defense counsel responded that she could not amend the Court's order and, further, since the deadline had expired, she advised that the government "would object to any further extension based on the reasons [] set forth[.]" (*Id.*) Having still received no discovery responses from Ms. Prim by May 22, 2017, the Defendant filed its Rule 41(b) motion to dismiss for failure to prosecute. (Doc. 37, at ¶ 8.)

Despite Ms. Prim's continued failure to respond to the Defendant's propounded written discovery, even with the Court's imposition of its own deadline(s), the undersigned extended to Plaintiff one final chance to respond to Defendant's interrogatories and document production requests and to confirm that the previously identified physicians were the only physicians with relevant information in this case. (*See* Doc. 38.)

> Defendant's motion to dismiss (Doc. 37) will be taken under submission by the undersigned on **June 14, 2017**. Any response in

4

> opposition filed by Plaintiff, which must be filed not later than **June 6, 2017**, **shall** demonstrate her continued interest in this case, by referencing both her service of her sworn responses to Defendant's propounded interrogatories and her contemporaneous filing of a notice of compliance with the court, and explain the reasons for her failure to serve her sworn responses by May 9, 2017 or to request additional time from the court.[4]

(*Id.* at 2.) Plaintiff filed the following one paragraph response in opposition to the Defendant's Rule 41(b) motion to dismiss and to the undersigned's May 22, 2017 Order:

> PLAINTIFF ANGELIA PRIM PRO SE, OBJECT TO DEFENDANT['S] MOTION TO DISMISS THE CASE FOR FAILURE TO PROSECUTE. DUE TO MY IGNORNACE OF ASKING THE COURT FOR TIME INSTEAD OF CONTACTING THE DEFENDANT AS I DID. I WAS NOT ABLE TO COMPLY OR KEEP THE DEADLINE THAT WAS ISSUED IN THE HEARING DUE TO UNFORSEEN CIRCUMSTANCES THAT WERE OUT OF MY CONTROL. I AM SEEKING JUSTICE IN THIS CASE AND I DO WISH TO PROCEED WITH IT. THE DEFENDANT ALSO HAS ACCESS TO EVERY DOCUMENT AND INFORMATION THAT WAS ONCE IN MY POSSESSION, THAT I NO LONGER POSSESS TO FORWARD TO HER. I WILL COMPLY WITH THE ORDERS OF THE COURT AND I DO WISH TO PROSECUTE THE CASE.

(Doc. 39.) Unfortunately, despite Plaintiff's assurances that she will comply with the orders of this Court, she simply has not followed the undersigned's April 26, 2017 Amended Rule 16(b) scheduling order, which instructed her to serve her sworn interrogatory responses and produce responsive documents by not later than May 9, 2017 (or, in the case of the documents, to serve those not later than May 25, 2017) and to confirm that the previously identified physicians were the only physicians with relevant information in this case, or the undersigned's May 22, 2017 order, which instructed her to serve her responses to the propounded written discovery by not later

---

[4] "By this date, Plaintiff should have also produced documents to the Defendant (*see* Doc. 36, at 11 n.5.) Any response in opposition should also establish that she has produced the requested documents to the Defendant. More specifically, Plaintiff shall file a notice with the Court that reflects that she has produced to Defendant documents responsive to her propounded requests for production." (Doc. 38, at 2 n.1.)

5

than June 6, 2017 and contemporaneously file notices with this Court that she had answered the Defendant's propounded written discovery. (*See* Doc. 41, at ¶ 2 ("The Plaintiff did not file a notice of compliance, and as of the date of this filing, the United States has not received responses to the interrogatories or confirmation that Plaintiff has only seen two physicians relevant to this action."); *compare id. with* Docs. 36 & 38 and Docket Sheet)). And while Plaintiff seems to suggest that she has absolutely no documents in her possession that are relevant to the subject matter of this case (*see* Doc. 39), this does not absolve Ms. Prim of her obligation to explain this fact to the Defendant in response to the document production requests nor does it absolve her of the requirement that she serve her signed and sworn interrogatory answers/objections on the Defendant and inform the Defendant whether any other doctors—that is, any doctors other than the two previously identified—have documents relevant to this action (Doc. 36, at 10 n.4; *see* Doc. 38, at 1-2).

## CONCLUSIONS OF LAW

"Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order." *Hanna v. Florida,* 599 Fed.Appx. 362, 363 (11th Cir. Mar. 30, 2015) (citing Fed.R.Civ.P. 41(b)[5]), *cert. denied,* 136 S.Ct. 141, 193 L.Ed.2d 107 (2015); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th

---

[5] Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.*

Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, Plaintiff failed to cooperate with the Defendant in conducting discovery (*compare* Doc. 33 *with* Doc. 27), thereby necessitating the entry of an amended scheduling order and this Court's specific instructions that Ms. Prim answer Defendant's propounded written discovery and provide doctor information by a date (or dates) certain (*see* Doc. 36). And when Plaintiff did not comply with the Court's specific instructions, she was given yet another chance (that is, by another date certain) to answer the Defendant's written discovery and provide doctor information (*see* Doc. 38). To date, and contrary to Ms. Prim's conclusory statement that she will comply with the Court's orders (*see* Doc. 39), Plaintiff has failed to comply with any of this Court's lawful orders in that she has not participated in discovery by answering the Defendant's propounded written discovery and confirming for the Defendant that there are no more doctors in possession of information relative to this matter other than the two physicians she previously identified. Therefore, it is recommended that the Court **GRANT** the Defendant's motion to dismiss (Doc. 37) and **DISMISS** Prim's complaint, pursuant to Fed.R.Civ.P. 41(b), due to her failure to prosecute this action by following this Court's lawful orders dated December 9, 2016 (Doc. 27), April 26, 2017 (Doc. 36), and May 22, 2017 (Doc. 38).[6]

---

[6] While the undersigned recognizes that a dismissal of this action, even without prejudice, may have the effect of a dismissal with prejudice (*see* Doc. 13), there are no effective means available, short of recommending dismissal, to motivate Plaintiff to participate in discovery and move this case forward based on the schedule, as amended, set by this Court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of June, 2017.

                                            s/P. BRADLEY MURRAY
                                      **UNITED STATES MAGISTRATE JUDGE**