# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANGELIA PRIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 16-0118-KD-MU |
| | ) |
| MEGAN J. BRENNAN, Postmaster | ) |
| General of the United States Postal Service, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on review of Defendant Postmaster General Megan J. Brennan's Notice of Plaintiff's Non-Compliance with Court Order and Request for Dismissal and the Supplement (docs. 50, 53), the Report and Assessment of Settlement Possibility (doc. 51), Plaintiff Angelia Prim's motion for extension of time to respond to the United States' Notice and Supplement (doc. 57) and Defendant's response in opposition (doc. 58).

Upon consideration, and for the reasons set forth herein, Prim's motion for extension of time (doc. 57) is DENIED, the Magistrate Judge's Report and Recommendation as modified by this Court's orders is ADOPTED as the opinion of the Court, the Defendant's motion to dismiss pursuant to Rule 41(b) is GRANTED, and this action is dismissed with prejudice.

I. Background

Previously, the Magistrate Judge entered a Report and Recommendation recommending that Defendant United States' motion to dismiss pursuant to Rule 41(b) should be granted and this action dismissed. The Magistrate Judge set forth the procedural background, the orders as to which Plaintiff Prim failed to comply, including the Court's Rule 16(b) Scheduling Order as well as orders directed to specific discovery issues, and Prim's failure to cooperate with the

United States in conducting discovery.

The Magistrate Judge noted that the effect might be dismissal with prejudice because of the statute of limitations, but there were "no effective means available, short of recommending dismissal, to motivate Plaintiff to participate in discovery and move this case forward…" (Doc. 39, n. 6) Although the Magistrate Judge did not specifically find that no lesser sanction would suffice, that finding was implied. Upon concluding that Prim had failed to prosecute her action by failing to comply with the orders of the Court, the Magistrate Judge recommended granting the United States' motion and dismissing the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Upon review of the Report and Recommendation, Plaintiff's objections, and the United States' reply (docs. 43, 44, 45), the District Court set the motion to dismiss for hearing. Prim and counsel for the United States were present for the hearing. After hearing from the parties, and questioning Prim under oath, the Court determined that Prim should be allowed another opportunity to participate in discovery and comply with the Court's Orders before imposing any sanction or adopting the Magistrate Judge's Report and Recommendation. The Court then modified the Report and Recommendation as to Plaintiff's failure to disclose certain physicians[1] and held in abeyance the Recommendation to grant the Rule 41(b) motion to dismiss.

Prim was ordered to provide the Defendant with written answers to Interrogatories

---

[1] Prim was questioned under oath and identified three physicians. The Court found that a lesser sanction than dismissal existed with respect to her failure to timely disclose the identity of her treating or examining physicians. Specifically, that these are the only physicians upon whom Prim may rely to prove her case.

Number 4, 9, 10, 11, 12, 13, 15, and 17, on or before September 1, 2017, and to answer in full and to the best of her ability. Prim was also ordered to notify the Defendant, on or before September 1, 2017, as to when she could be deposed.[2] (Doc. 47)

Prim was warned that if she failed to provide the information requested in the interrogatories, she would not be allowed to use that information at trial or in response to Defendant's dispositive motion. Prim was also warned that failure to comply with the Order fully, answer the interrogatories, and make herself available for deposition would result in adoption of the Magistrate's Judge Report and Recommendation that her action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. She was also warned that dismissal under Rule 41(b) operates as a dismissal with prejudice on the merits. (Doc. 47)

In the Notice of Non-Compliance and Request for Dismissal (doc. 50, doc. 50-1 through 50-4) (filed September 5, 2017), Defendant states that it received Prim's responses to the interrogatories on September 1, 2017, the deadline. However, the responses were not re-signed under oath or notarized as required in Rule 33 of the Federal Rules of Civil Procedure and the revised responses were not responsive to the interrogatories.[3] Defendant asserts that Prim did not make a good faith effort to comply with the Court's order and fully answer the interrogatories. Defendant also states that Prim did not contact the Defendant as to a deposition date and did not reply to Defendant's email of August 24, 2017, regarding a deposition date and

---

[2] At the hearing, Prim testified that she was working. Prim was to review her schedule and notify the Defendant as to when she would be off from work and available for deposition.

[3] Defendant points out that interrogatory 9 requested information regarding "all job positions, grades, all places of employment, salary or wage rate, and immediate supervisors and provide dates for each" (Doc. 50, p. 1). Previously Prim had objected on basis of relevance. Prim revised her prior response by adding only "Wal-Mart" and "USPS" but did not include any of the other requested information (Doc. 50-1, p. 3).

separate email regarding Prim's preference for delivery of her employment file.[4]

In the Report and Assessment of Settlement Possibility (doc. 51), Defendant states that on September 8, 2017, a week late, and after Defendant had filed the Notice of Non-Compliance and Request for Dismissal on September 5, 2017, Prim notified Defendant that she was only available for deposition on September 14, 2017. However, due to the short notice and pending Request for Dismissal, Defendant was unable to schedule the deposition. Defendant also reported that because of Prim's failure to comply with the Court's order, there was no possibility of settlement.

As in the Report and Assessment, Defendant states in the Supplement that on Friday September 8, 2017, Prim notified Defendant that she was available for deposition on September 14, 2017. Also, by email on September 7, 2017, Defendant again inquired as to Prim's preference for receipt of her employment file and then received a responsive email on September 15, 2017. (Doc. 53)

On October 11, 2017, the Court ordered Prim to respond to the Notice and Supplement by October 30, 2017 (doc. 56). Prim did not respond. Instead, she filed a motion for extension of time wherein she requests "more time to reply and or respond" (doc. 57). Defendant filed an objection, wherein she points out that, despite repeated warnings of non-compliance, Prim did not respond as ordered. Defendant also points out that Prim did not set forth in her motion any factual or legal grounds to support her request for additional time and did not explain why additional time was needed (doc. 58).

---

[4] At the hearing, the United States agreed to produce Prim's employment file. In the August 24, 2017, email Defendant asked Prim whether she wanted the file mailed to her or would she prefer to pick it up at the U.S. Attorney's Office.

II. Statement of the Law

Rule 41(b) states as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

In this action, any dismissal would be with prejudice because the applicable statute of limitations has expired. In that regard, granting Defendant's motion to dismiss with prejudice under Rule 41(b) is "an extreme sanction," that is "appropriate where 'a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and … the district court specifically finds that lesser sanctions would not suffice.'" *Pippen v. Georgia-Pacific Gypsum, LLC,* 408 Fed. Appx. 299, 303 (11th Cir. 2011) (parenthetical in original) (citation omitted). However, "[w]hen the record shows that lesser sanctions would not serve the interests of justice, the district court may implicitly find that lesser sanctions would be insufficient." *Williams v. Talladega Cmty. Action Agency*, 528 Fed. Appx. 979, 980 (11th Cir. 2013) (internal citations omitted). "Mere negligence or confusion does not justify a finding of delay or willful misconduct." *McLeod v. Sec'y, Florida Dep't of Corr.,* 2017 WL 541398, at *2 (11th Cir. Feb. 10, 2017) (citation omitted).

III. Analysis

Despite the opportunities given to her by the Magistrate Judge and this Court, Prim has failed to prosecute her action and failed to comply with the Court's orders. Prim has now demonstrated the same willful delay as before the Magistrate Judge (see doc. 43, Report and

Recommendation). Specifically, Prim was ordered to fully answer Interrogatories Number 4, 9, 10, 11, 12, 13, 15, and 17 (doc. 47). However, her answers were incomplete, and therefore, not in compliance with the Court's order or the Federal Rules of Civil Procedure (doc. 50-1). Although Prim is *pro se*, she is still subject to the Rules of Civil Procedure. *Hill v. Wal-Mart Stores, Inc.*, 510 F. Appx. 810, 812 (11th Cir. 2013) (" Pro se litigants remain 'subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure'" (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989)). Also, Prim was ordered to contact Defendant before September 1, 2017 and provide dates when she could be available for deposition (doc. 47). However, Prim failed to contact Defendant until one week after the deadline, and then provided only one day that she was available for deposition. More recently, on October 11, 2017, Prim was ordered to respond by October 30, 2017 to Defendant's Notice and Supplement (doc. 56). This order was entered after Prim had been served with the Notice in early September and the Supplement in late September.[5] However, instead of responding as ordered, Prim requested additional time, but without setting forth any reasons why she could not timely comply with the Court's response order (doc. 57).

In each order issued by this Court, Prim was warned that failure to fully comply with the Court's orders would result in adoption of the Magistrate Judge's Report and Recommendation and dismissal with prejudice. *See Jacobs v. Clayton Cty. Solicitor Gen. Office*, 685 F. Appx. 824, 826 (11th Cir. 2017) (" 'dismissal [with prejudice] upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of

---

[5] Prim is *pro se.* Therefore, Defendant does not serve Prim by way of the CM-ECF system. In the Certificate of Service, Defendant states that these documents were mailed to Prim by first class mail to her address of record and to her email address.

discretion.'") (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Therefore, the Court finds that Prim has demonstrated a clear pattern of willful delay and that no lesser sanction than dismissal with prejudice[6] will suffice. *Pippen,* 408 Fed. Appx. at 303.

Accordingly, the Magistrate Judge's Report and Recommendation as modified by this Court's orders is ADOPTED as the opinion of the Court and the Defendant's motion to dismiss pursuant to Rule 41(b) is GRANTED. This action is dismissed with prejudice. *See Jacobs*, 685 F. Appx. at 826 ("A dismissal under Rule 41(b) is an adjudication on the merits and is thus a dismissal with prejudice unless the district court states otherwise.").

**DONE and ORDERED** this 7th day of November 2017

    s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[6] Even if the Court stated that the dismissal was "without prejudice", Prim's claims would be subject to dismissal as barred by the applicable period of limitation, if she chose to re-file her complaint. Prim's period of limitation to file her complaint expired thirty calendar days after receipt of the Merit Systems Protection Board's final decision. (Doc. 13) Prim alleged in her complaint that she received the final decision on February 20, 2016. (Id.) She filed her complaint on March 18, 2016. (Id.)